IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES JONES #1361612 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv378 |
| WARDEN UNKNOWN MCNEILL, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, an inmate of the Texas Department of Criminal Justice proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Dkt. #1.) The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On August 4, 2023, the Court observed that Plaintiff had neither paid the required filing fee nor sought leave to proceed *in forma pauperis* (IFP). (Dkt. #3.) Accordingly, the Court gave him thirty days to satisfy the filing fee requirement to proceed with this case. (*Id.*) In the same Order, the Court observed deficiencies in Plaintiff's complaint and ordered him to file an amended complaint within thirty days. (*Id.*) The order expressly cautioned that failure to comply could result in dismissal. (*Id.*)

Plaintiff received that order on August 11, 2023 (Dkt. #4) but did not comply with either aspect of the order. Thus, in addition to failing to comply with the Court's orders, he has neither paid the filing fee for this case nor filed a properly supported IFP motion as required by the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(a)(2) (requiring prisoners seeking pauper status to support their applications with "a certified copy of the trust fund account statement (or institutional

equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint").

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to comply with the Court's orders is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed without prejudice for Plaintiff's failure to comply with an order of the Court and failure to take the steps necessary to prosecute this case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 29th day of September, 2023.**

*[Signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE